IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAUL ZAMARRIPA<br>　　*Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. _:__-CV-_____ |
| AEP TEXAS COMPANY, INC., d/b/a<br>AEP TEXAS, INC.<br>　　*Defendant.* | §<br>§<br>§<br>§ | |

## DEFENDANT AEP TEXAS, INC.'S NOTICE OF REMOVAL

Defendant AEP Texas Inc., incorrectly named AEP Texas Company, Inc., Defendant in the above-numbered and styled cause ("Defendant"), files this notice of removal under 28 U.S.C. § 1446(a).

### I.   INTRODUCTION

1.　　On January 21, 2022, Plaintiff Raul Zamarripa ("Plaintiff") filed this suit in the 107th State District Court of Cameron County, Texas bearing Cause Number 2022-DCL-00405 and styled "*RAUL ZAMARRIPA vs. AEP TEXAS COMPANY, INC. d/b/a AEP TEXAS, INC.*" *See* Plaintiff's Original Petition with Discovery Requests & Jury Demand ("Original Petition"), attached hereto as Exhibit 2.  Plaintiff served Defendant with the Original Petition by certified mail postmarked on January 29, 2022, and Defendant received the Original Petition on February 1, 2022.  Accordingly, Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b)(1).  On February 15, 2022, Defendant filed its answer in the state court proceeding.  *See* Defendant AEP Texas, Inc.'s Original Answer to Plaintiff's Original Petition, attached hereto as Exhibit 3.

## II.     BACKGROUND

2. This is an employment case in which Plaintiff alleges Defendant wrongfully terminated Plaintiff on March 15, 2021, due to discrimination on the basis of disability, age, and national origin in violation of the Texas Commission on Human Rights Act, codified as Chapter 21 of the Texas Labor Code. *See* Original Petition ¶¶ 5.09, 5.18, 5.21, 6.01.

## III.    BASIS FOR REMOVAL – DIVERSITY JURISDICTION

3. Defendant removes this case to federal court based upon diversity jurisdiction. This Court has original jurisdiction under 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because complete diversity of citizenship existed at the time of filing of the suit in state court and exists at the time of this removal to federal court and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. There is complete diversity in the above referenced cause because Plaintiff was, at the time of filing of the state court action, and is, at the time of this removal, a citizen of the State of Texas, and Defendant AEP Texas, Inc., the only other party to this action, was, at the time of filing of the state court action, and is, at the time of this removal, a corporation incorporated under the laws of the State of Delaware and with its principal place of business and corporate headquarters in the State of Ohio. *See* Exhibit 7, ¶¶ 6-7. Plainly, AEP Texas, Inc., the only Defendant, is not a citizen of Texas, the state in which the action is pending. "[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State  . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

5. The "principal place of business" is commonly referred to as the "nerve center" or "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Controlling case law provides that

"a corporation can have only one principal place of business, which is where top officers direct the corporation's activities and not necessarily where a corporation's general business activities take place or where its plants, sales locations, or employees are located." *Elizondo v. Keppel Amfels, L.L.C.*, No. 1:14-CV-220, 2015 WL 1976434, at *4 (S.D. Tex. May 1, 2015). The Supreme Court of the United States in *Hertz* further supports this point made by *Elizondo* by providing the following example: "if the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities . . . in New York, the 'principal place of business' is New York." *Hertz*, 559 U.S. 77 at 96. Notably, even "a company's website that lists a Texas address as its 'headquarters' does not defeat [diversity] jurisdiction" when the company's principal place of business is in a different state. *Gremillion v. AEP Texas Central Co.*, No. 1:17-CV-225, 2018 WL 1308541, *3 (S.D. Tex., June 17, 2018), citing *Avalos v. Cont'l Airlines, Inc.*, No. H-11-711, 2011 WL 2357374, at *2 (S.D. Tex. June 10, 2011).

6. In this case, Defendant's principal place of business is located in Columbus, Ohio, as Defendant's officers who direct, control and coordinate Defendant's activities sit in that location. *See* Exhibit 7, ¶¶ 7-10. Further, while Defendant does have a bulk of its business activities in Texas and lists its AEP Texas address in Corpus Christi, Texas, on its website, Defendant's one nerve center is in Columbus, Ohio – where business, operational, and financial decisions are made and where its top officers direct Defendant's corporate activities – and can be nowhere else. *See* Exhibit 7, ¶¶ 7-25. The principal place of business for Defendant was Columbus, Ohio at the time the suit was filed and that continues to be the case at the time of removal of this action to federal court.

7. Defendant is also the only defendant named in this suit. Accordingly, Plaintiff and Defendant are the only two parties to this suit, and complete diversity existed at the time of the filing of the state court action and exists at the time of this removal. *See* Original Petition ¶ 2.02.

8. Diversity jurisdiction exists "when complete diversity of citizenship exists and the amount in controversy exceeds $75,000." *Stangel v. A-1 Freeman North American Inc.,* 64 Fed.Appx. 416, *1 (5th Cir. 2003). Plaintiff expressly pleads in his Petition that he "anticipates at this time that the amount of damage he will request the jury to assess at trial will be more than $250,000.00 but not more than $1,000,000.00." *See* Original Petition ¶ 3.03. Accordingly, Plaintiff has pled damages in excess of the statutory minimum of $75,000, excluding interest and costs, for purposes of diversity jurisdiction. 28 U.S.C. § 1332(a). *See e.g. Caraway v. Mandella*, No. 3:21-CV-319-S, 2021 WL 3475564, *2 (N.D. Tex., Aug. 6, 2021) (plaintiffs' original petition indicating that plaintiffs were seeking "monetary relief over $250,000, but not more than $1,000,000" established that "at least one plaintiff [was] seeking monetary relief in excess of the $75,000 minimum, satisfying Section 1332(a)'s amount-in-controversy requirement").

9. While the allegation of compensable damages in excess of "$250,000.00 but not more than $1,000,000.00" (Original Petition ¶ 3.03) is plainly sufficient to establish that the amount in controversy exceeds $75,000, other allegations in the Original Petition confirm this conclusion as well. Specifically, as set forth in the Original Petition in this employment termination case, Plaintiff seeks back pay, front pay, retirement benefits, damages for past and future emotional pain, past and future suffering, past and future inconvenience, past and future mental anguish, past and future loss of enjoyment of life, and past and future other non-pecuniary damages, as well as punitive damages and attorneys' fees. *See* Original Petition ¶ 8.01 and the Prayer.

10. Notably, Plaintiff pleads in the Original Petition that he was terminated from employment on March 15, 2021. *See* Original Petition ¶¶ 5.01, 5.08-5.09. As explained above, Plaintiff filed this suit on January 21, 2022 – more than ten (10) months after his discharge – and is, therefore, seeking back pay for more than ten months of wages. Given the wage rate earned by Plaintiff and the benefits in which he was eligible to receive during his employment, it is readily apparent that Plaintiff is seeking an amount well exceeding $75,000. *See* Exhibit 8, ¶ 4. More specifically, in 2020, the calendar year prior to Plaintiff's termination, Plaintiff earned a gross amount of $118,483.22. *Id.* The attached affidavit confirms that Plaintiff continued to be a highly compensated employee through his termination date. *Id.*

11. Further, Plaintiff is expressly seeking not only back pay but also front pay (in other words, future lost wages), as well as retirement benefits. *See* Original Petition ¶ 8.01. In fact, Plaintiff is seeking, among other monetary damages, seven different categories of future damages. *Id.* Accordingly, Plaintiff indicates that his damages are not limited only to the damages he suffered prior to his filing of the lawsuit. Instead, he is seeking continuing and future damages as well, which would undoubtedly exceed $75,000. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003) (it was "more probable than not" that the lengthy list of compensatory and punitive damages sought by plaintiff would exceed $75,000, and plaintiff's admission that she was seeking continuing and future damages in addition to damages suffered prior to filing of the lawsuit supported the conclusion that the amount of damages exceeded $75,000). Again, in Plaintiff's own pleading, Plaintiff expressly pleads that he is seeking more than $250,000 in damages. *See* Original Petition ¶ 3.03.

12. In sum, for the reasons stated above, at the time of removal, the matter in controversy unquestionably exceeds the sum or value of $75,000, exclusive of interest and costs.

Accordingly, the jurisdictional threshold provided for diversity jurisdiction under 28 U.S.C. § 1332(a) is plainly met in this case.

13. Therefore, the requirements for removal based upon diversity jurisdiction are satisfied in this case.

14. Venue for this removal is proper under 28 U.S.C. § 1441(a) because this Court, the United States District Court for the Southern District of Texas, Brownsville Division, is the district and division embracing the place where such action was filed, that is Cameron County, Texas.

### IV. JURY DEMAND

15. Plaintiff demanded a trial by jury in the state-court suit. *See* Original Petition ¶ 9.01.

### V. PAPERS FROM THE REMOVED ACTION

16. Pursuant to Local Rule 81, the following documents are attached to this Notice of Removal:[1]

| | |
|---|---|
| Exhibit 1: | All executed process in the case; |
| Exhibit 2: | Plaintiff's Original Petition; |
| Exhibit 3: | Defendant AEP Texas, Inc.'s Original Answer to Plaintiff's Original Petition; |
| Exhibit 4: | The state court docket sheet; |
| Exhibit 5: | An index of matters being filed; |
| Exhibit 6: | A list of all counsel of record, including addresses, telephone numbers, and parties represented; |
| Exhibit 7: | Affidavit of David C. House; and |
| Exhibit 8: | Affidavit of Daniel Fabela. |

---

[1] There have been no orders signed by the Judge in this case.

17. Defendant will promptly give Plaintiff written notice of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).  Defendant will also file the notice of the filing of this Notice of Removal with the clerk of the State Court.  The Notice of Removal and all of its attachments will be attached to that notice.

## VI.   CONCLUSION

18. In accordance with 28 U.S.C. §§ 1332 and 1441, AEP Texas, Inc. may properly remove the state court action to this Court because (1) it is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas, Brownsville Division; (2) there is complete diversity between the parties and that complete diversity existed both at the time of the filing of the lawsuit and at the time of this removal; and (3) exclusive of interest and costs, the amount in controversy exceeds $75,000.  Accordingly, Defendant removes the suit to the Southern District of Texas, Brownsville Division.

Dated: February 18, 2022                    Respectfully submitted,

                                                    BRACEWELL, LLP

                                                    */s/ Robert S. Nichols*
                                                    Robert S. Nichols
                                                    Attorney-In-Charge
                                                    State Bar No. 15006400
                                                    Caroline M. Melo
                                                    State Bar No. 24110822
                                                    711 Louisiana, Suite 2300
                                                    Houston, Texas 77002
                                                    Telephone: (713) 221-1259
                                                    Facsimile: (713) 222-3269
                                                    E-mail: bob.nichols@bracewell.com

                                                    **ATTORNEYS FOR DEFENDANT,**
                                                    **AEP TEXAS, INC.**

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 18, 2022, to Plaintiff's counsel via the Court's CM/ECF system.

                                                          */s/  Robert S. Nichols*
                                                            Robert S. Nichols